# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1346
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Ricardo Rivera-Navas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: October 2, 2014
Filed: October 10, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jose Ricardo Rivera-Navas appeals from the judgment of the District Court[1] entered upon a jury verdict finding Rivera guilty of conspiring to distribute more than

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

500 grams of a substance containing methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. The District Court imposed a sentence of 260 months in prison, 5 years of supervised release, and a $40,000 fine. In a brief filed under Anders v. California, 386 U.S. 738 (1967), Rivera's counsel challenges the reasonableness of the sentence.

The record shows that the District Court considered the relevant sentencing factors under 18 U.S.C. § 3553(a), after overruling Rivera's objections to the presentence report's calculations, and we conclude that Rivera's within-Guidelines-range sentence was not unreasonable. See United States v. Wanna, 744 F.3d 584, 589 (8th Cir.), cert. denied, No. 13-10495, 2014 WL 2616197 (U.S. Oct. 6, 2014). We have found no non-frivolous issues for review, see Penson v. Ohio, 488 U.S. 75, 80 (1988), and we affirm.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment. Judge Colloton would grant counsel's motion to withdraw. See United States v. Eredia, No. 13-3538, slip op. at 2–3 (8th Cir. Oct. 2, 2014) (Colloton, J., concurring in part and dissenting in part).

_____